UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCHOLL FOREST INDUSTRIES, INC., § § Plaintiff, § v. § STEVE RING CONTRACTORS, L.L.C., § AND STEVE RING, INDIVIDUALLY, § § Defendants. § | CIVIL ACTION NO. H-06-1237 |

## MEMORANDUM AND ORDER

Before the Court is the Motion for Summary Judgment filed by Plaintiff Scholl Forest Industries, Inc. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 19, should be **GRANTED.**

### I. BACKGROUND

Plaintiff brings this suit on a sworn account to recover amounts due for lumber it provided to Defendants.

According to Plaintiff, Defendant Steve Ring Contractors, L.L.C. ("Contractors") entered into a written contract to work on a Louisiana building project in May 2005. Between July 15, 2005, and October 21, 2005, Plaintiff supplied lumber for use in the project pursuant to fax orders from Defendant Contractors. Plaintiff claims that Contractors agreed to pay for the lumber but never did, resulting in an unpaid balance of $771,270.07. Further, Exhibit B to Plaintiff's First Amended Complaint, which appears to be Defendant Contractor's application for $700,000 of credit with Scholl Forest, also purports to contain Defendant Steve Ring's personal guaranty for all debts incurred thereunder.

Plaintiff asserts that Scholl Forest served written notice of its claim on Defendant Contractors by certified mail on December 15, 2005. The written notice stated the amount claimed and the name of the party to whom the lumber was furnished. Further, a sworn account affidavit was attached to the Complaint. Therefore, Plaintiff reasons, it has performed all conditions precedent and may now recover the amounts owed. Plaintiff seeks to impose joint and several liability on Defendants for the full amount of its claim, which it calculates to be $771,270.07. Plaintiff further requests interest on the principal amount at a rate of 18% per annum from February 8, 2006; attorney's fees, and post-judgment interest thereupon; and court costs.

## II. ANALYSIS

Suits on sworn account are governed by Texas Rule of Civil Procedure 185, which reads as follows:

> When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a written denial, under oath. A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be. No particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings.

TEX. R. CIV. P. 185.

In the Court's assessment, Plaintiff has fulfilled the requirements under Rule 185 to state a claim on sworn account.  Plaintiff's claim is founded on a liquidated money demand based upon written contract or business dealings between the parties; a systematic record has been kept (and submitted for the Court's examination); and a sworn account affidavit was attached to the Complaint, stating that the sum of $771,270.07 is just, true, due, and unpaid, and that all lawful offsets, payments and credits have been allowed.  Neither Defendant has submitted a written denial under oath; in fact, although Defendants filed an Answer to the original Complaint, which asserted completely different bases of subject-matter jurisdiction, neither Defendant has responded to the summary judgment motion.  Therefore, the Court finds that there are no material facts in dispute, and that Plaintiff is entitled to summary judgment.

### III. CONCLUSION

Plaintiff's Motion for Summary Judgment is **GRANTED.**  It is hereby **ORDERED** that Plaintiff Scholl Forest Industries, Inc. recover from Defendants Steve Ring Contractors, Inc. and Steve Ring, jointly and severally, judgment in the amount of $771,270.07.  Scholl Forest is also entitled to pre-judgment interest on this principal amount at the rate of 18% per annum from February 8, 2006, as provided for in the attached application for credit[1]; attorney's fees in the amount of $3,000; post-judgment interest on the principal amount and attorney's fees at the rate of 18%[2]; and reasonable

---

[1] *See, e.g.*, *Adams v. H&H Meat Prods., Inc.*, 41 S.W.3d 762 (Tex. App. 2001) (affirming the trial court's award of prejudgment interest at the rate of 12% per annum, because "[t]he invoices in this case clearly set forth the interest to be paid by Adams if payment was past due.").

[2] *See* TEX. FIN. CODE ANN. § 304.002 (Vernon 2006) ("A money judgment of a court of this state on a contract that provides for interest or time price differential earns postjudgment interest at a rate equal to the lesser of: (1) the rate specified in the contract, which may be a variable rate; or (2) 18 percent a year.").

court costs. Plaintiff may make an additional request for appellate fees should it become necessary.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 22nd day of May, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**